IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VANESSA VINSON and MILLICENT
TURNER, individually and on behalf of
all others similarly situated                                                            PLAINTIFFS

vs.                                      No. 1:22-cv-1057-SOH

HOT SHOTS – EL DORADO; MAHENDRA
ENTERPRISES, LLC; and HARVINDER DOD                               DEFENDANTS

### DEFENDANTS' ANSWER

COMES NOW Defendants, Hot Shots – El Dorado, Mahendra Enterprises, LLC, and Harvinder Dod (collectively "Defendants"), by and through their undersigned counsel, and for its Answer to Plaintiffs' Original Complaint—Collective Action ("Complaint"), states as follows:

1. Defendants admit that Plaintiffs have filed a lawsuit against them under the Fair Labor Standards Act and the Arkansas Minimum Wage Act, but Defendants deny that they have violated either the FLSA or AMWA. Defendants deny all remaining allegations in Paragraph 1 to the extent there are any, and that the statutes cited by Plaintiffs speak for themselves.

2. Defendants denies Paragraph 2 of the complaint and affirmatively plead that Plaintiffs are not entitled to any such relief pursuant to all available defenses under FED. R. CIV. P. 8, 12.

3. Defendants admit that this Court has subject matter jurisdiction over the Complaint and denies all remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that this Court has supplemental jurisdiction over the Complaint and denies all remaining allegations in Paragraph 4 of the Complaint.

5. Defendants admit Paragraph 5 of the Complaint.

6. Defendants admit that Plaintiffs previously worked for Hot Shots, that venue is proper, but Defendants deny all remaining allegations in Paragraph 6 of the Complaint.

7. Defendants are without sufficient information to admit or deny Paragraph 7 of the Complaint, therefore denies Paragraph 7 of the Complaint.

8. Defendants are without sufficient information to admit or deny Paragraph 8 of the Complaint, therefore denies Paragraph 8 of the Complaint.

9. Defendants admit Paragraph 9 of the Complaint.

10. Defendants admit Paragraph 10 of the Complaint.

11. Defendants admit Paragraph 11 of the Complaint.

12. Defendants admit Paragraph 12 of the Complaint.

13. Defendants admit Paragraph 13 of the Complaint.

14. Defendants admit Paragraph 14 of the Complaint.

15. Defendants admit Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint asserts allegations that are unclear and compound, therefore Defendants are unable to ascertain the allegations against them and therefore deny Paragraph 16 of the Complaint.

17. Defendants deny Paragraph 17 of the Complaint.

18. Defendants deny Paragraph 18 of the Complaint.

19. Defendants deny Paragraph 19 of the Complaint.

20. Defendants deny Paragraph 20 of the Complaint.

21. Defendants deny Paragraph 21 of the Complaint.

22. Defendants admit Paragraph 22 of the Complaint.

23. Defendants admit that they employee more than two employees and deny all other allegations in Paragraph 23 of the Complaint.

24. Defendants admit Paragraph 24 of the Complaint.

25. Paragraph 25 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient information to admit or deny Paragraph 25 of the Complaint and therefore denies it.

26. Defendants admit that Plaintiff Vinson was employed by Hot Shots between August 2021 and July 2022. Defendants deny all remaining allegations in Paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff Turner was employed by Hot Shots between Hot Shots between May 2022 and June 2022. Defendants deny all remaining allegations in Paragraph 26 of the Complaint.

28. Defendants admit Paragraph 28 of the Complaint.

29. Defendants admit Paragraph 29 of the Complaint.

30. Defendants admit Paragraph 30 of the Complaint.

31. Defendants admit that it invokes the use of tip-credit with certain employees. Defendants deny the remaining allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants are without sufficient information to admit or deny Paragraph 33 of the Complaint, therefore denies Paragraph 33 of the Complaint.

34. Defendants are without sufficient information to admit or deny Paragraph 34 of the Complaint, therefore denies Paragraph 34 of the Complaint.

35. Defendants are without sufficient information to admit or deny Paragraph 35 of the Complaint, therefore denies Paragraph 35 of the Complaint.

36. Defendants are without sufficient information to admit or deny Paragraph 36 of the Complaint, therefore denies Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states a legal conclusion to which a response is not required. To the extent a responses is required, Defendants are without sufficient information to admit or deny Paragraph 37 of the Complaint, therefore denies Paragraph 37 of the Complaint and that the statute cited by Plaintiffs speaks for itself.

38. Defendants are without sufficient information to admit or deny Paragraph 38 of the Complaint, therefore denies Paragraph 38 of the Complaint.

39. Defendants are without sufficient information to admit or deny Paragraph 39 of the Complaint, therefore denies Paragraph 39 of the Complaint.

40. Defendants deny Paragraph 40 of the Complaint.

41. Defendants deny Paragraph 41 of the Complaint.

42. Defendants deny Paragraph 42 of the Complaint.

43. Defendants are without sufficient information to admit or deny Paragraph 43 of the Complaint, therefore denies Paragraph 43 of the Complaint.

44. Defendants are without sufficient information to admit or deny Paragraph 44 of the Complaint, therefore denies Paragraph 44 of the Complaint.

45. Defendants are without sufficient information to admit or deny Paragraph 45 of the Complaint, therefore denies Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendants are without sufficient information to to admit or deny Paragraph 46 of the Complaint, therefore denies Paragraph 46 of the Complaint.

47. Defendants admit that Plaintiffs should be compensated pursuant to applicable laws. Defendants deny the remaining allegations of Paragraph 47.

48. Defendants are without sufficient information to admit or deny Paragraph 48 of the Complaint, therefore denies Paragraph 48 of the Complaint.

49. Defendants deny Paragraph 49 of the Complaint.

50. Defendants deny Paragraph 50 of the Complaint.

51. Defendants deny Paragraph 51 of the Complaint.

52. Defendants deny Paragraph 52 of the Complaint.

53. Defendants admit that Plaintiffs have brought a lawsuit pursuant to the FLSA. Defendants deny the remaining allegations in Paragraph 53 and each and every subpart (A) through (C). Defendants affirmatively plead that no collective exists.

54. Paragraph 54 of the Compliant does not contain an allegation of fact to which a response is required. To the extent that a response is required, Defendants deny Paragraph 54.

55. Paragraph 55 of the Compliant does not contain an allegation of fact to which a response is required. To the extent that a response is required, Defendants deny Paragraph 55. Defendant effeminately pleads that no collective exist.

56. Defendants deny Paragraph 56 of the Complaint. Defendants affirmatively plead that the time is two years because Defendants actions (assuming without admitting they amount to

a violation) were not willful, thus making the statute of limitations two years, not three. 29 U.S.C. § 255.

57. Defendants deny Paragraph 57 of the Complaint and each and every subpart (A) through (F).

58. Defendants deny Paragraph 58 of the Complaint, and affirmatively plead that no collective exists.

59. Defendants deny Paragraph 59 of the Complaint, and affirmatively plead that no collective exists.

60. Defendants deny Paragraph 60 of the Complaint, and affirmatively plead that no collective exists.

61. Defendants deny Paragraph 61 of the Complaint, and affirmatively plead that no collective exists.

62. Paragraph 62 of the Complaint does not state an allegation for which a response is required. To the extent a response is required, Defendants deny Paragraph 62 of the Complaint.

63. Paragraph 63 states a legal conclusion to which a response is not required. To the extent a response is required, Defendants admit Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint does not state an allegation for which a response is required. To the extent a response is required, the statutes cited by Plaintiff speak for themselves and Defendants deny all remaining allegation in Paragraph 64 of the Complaint.

65. Defendants admit Paragraph 65 of the Complaint.

66. Defendants deny Paragraph 66 of the Complaint.

67. Defendants deny Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint asserts allegations that are unclear and compound, therefore Defendants are unable to ascertain the allegations against them and therefore deny Paragraph 68 of the Complaint.

69. Defendants deny Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 70 of the Complaint.

71. Defendants deny Paragraph 71 of the Complaint. The statutes speak for themselves.

72. Paragraph 72 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint does not state an allegation for which a response is required. To the extent a response is required, Defendants deny Paragraph 73 of the Complaint.

74. Paragraph 74 states a legal conclusion to which a response is not required. To the extent a response is required, Defendants admit Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint does not state an allegation for which a response is required. To the extent a response is required, the statutes cited by Plaintiff speak for themselves and Defendants deny all remaining allegation in Paragraph 75 of the Complaint.

76. Defendants admit Paragraph 76 of the Complaint.

77. Defendants deny Paragraph 77 of the Complaint.

78. Defendants deny Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint asserts allegations that are unclear and compound, therefore Defendants are unable to ascertain the allegations against them and therefore deny Paragraph 79 of the Complaint.

80. Defendants deny Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 81 of the Complaint.

82. Defendants deny Paragraph 82 of the Complaint. The statutes speak for themselves.

83. Paragraph 83 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint does not state an allegation for which a response is required. To the extent a response is required, Defendants deny Paragraph 73 of the Complaint.

85. Paragraph 85 of the Complaint asserts allegations that are unclear and compound, therefore Defendants are unable to ascertain the allegations against them individually and therefore deny Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint does not state an allegation of fact against the Defendants for which a response is required. To the extent that a response is required, the statute speaks for itself.

87. Defendants admit Paragraph 87 of the Complaint.

88. Defendants deny Paragraph 88 of the Complaint.

89. Defendants deny Paragraph 89 of the Complaint.

90. Defendants deny Paragraph 90 of the Complaint.

91. Defendants deny Paragraph 91 of the Complaint.

92. Defendants deny Paragraph 92 of the Complaint.

93. Defendants deny the "WHEREFORE" Paragraph in its entirety

94. Defendants deny each and every subpart A through F of the "WHEREFORE" Paragraph.

95. Defendants deny all allegations contained in the Complaint not specially admitted herein.

96. Defendants reserve the right to amend the foregoing responses and plead further as litigation continues.

97. Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

98. Defendant Mahendra Enterprises and Harvinder Dod are not and never have been Plaintiffs' employer as defined under FLSA or AMWA.

99. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

100. Defendants affirmatively plead that Plaintiffs' claims are barred, wholly or in part, by estoppel, unclean hands, release, payment, laches, waiver, accord and satisfaction, or indemnification, as well as any other defense or affirmative defenses contained in FED. R. CIV. P. 8(c) and 12(b).

101. Equitable tolling does not apply to this case.

102. Plaintiffs are barred from seeking liquidated damages or punitive damages because their employer acted in good faith with appropriate and reasonable grounds for believing Plaintffs were property compensated for all hours worked, including overtime, in compliance with the FLSA, AMWA and other applicable laws.

103. Plaintiffs claims are barred, in whole or in part, to the extent that they failed to exercise reasonable diligence to avoid harm allegedly suffered.

104. To the extent Plaintiffs mitigated, minimized or avoided any damages allegedly sustained, any economic damages against their employer must be reduced by that amount. In addition, to the extent Plaintiffs failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against their employer must be barred.

105. To the extent that discovery reveals Plaintiffs falsely reported their work hours and there is no evidence that their employer required the false reporting of hours, and no evidence that their employer knew or should have known that Plaintiffs were providing false information as to their hours, or to the extent discovery reveals that Plaintiffs otherwise failed to follow their employer's policy for reporting work hours, the doctrine of estoppel bars the claims asserted by Plaintiff in their Complaint.

106. Plaintiffs' claims are barred in whole or in part because actions taken in connection with their compensation were made in good faith, in conformity with, and in reliance upon written administrative regulations, orders, rulings, approvals, and administrative interpretations.

107. Plaintiffs do not have standing to bring claims under the FLSA, AMWA, or any other law or legal theory on behalf of individuals who were not employed by the same employer as Plaintiffs and/or not similarly situated to Plaintiffs.

108. Defendants did not willfully deprive Plaintiffs of any wages to which they may have been entitled.

109. If Plaintiffs succeed in establishing any violation under the FLSA, AMWA, or any other law or legal theory, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, owed, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other

proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

110. All or part of Plaintiffs' claims are barred by the de minimis doctrine, relevant regulations, and other applicable law.

111. All or part of the time for which Plaintiffs seek compensation do not constitute compensable time under the FLSA, AMWA or other applicable law or legal theory.

112. Defendants affirmatively plead that Plaintiffs' AMWA claims should be dismissed because the claims are precluded, preempted, or are incompatible with other federal claims contained in this litigation.

113. Plaintiffs' claims are barred to the extent a Plaintiff has petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States Bankruptcy Code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

114. Plaintiffs are estopped from pursuing the claims contained in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, the failure or refusal to record and report their compensable work time as required by their employer.

115. Plaintiffs have waived their right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of their own acts, omissions, and course of conduct.

116. Defendants affirmatively plead that Plaintiffs' employer acted in good faith towards Plaintiffs with respect to all compensation and terms of employment.

117. Defendants affirmatively plead that Plaintiffs' Complaint fails to state facts sufficient to justify an award of liquidated or additional damages under any law.

118. Defendants affirmatively plead that Plaintiffs are not entitled to payment of overtime premiums to the extent that they were exempt from overtime requirements or otherwise not deemed compensable work time.

119. Defendants affirmatively plead that, even assuming arguendo Plaintiffs are entitled to any additional compensation, their employer did not willfully or intentionally fail to pay any such additional compensation to Plaintiffs.

120. Defendants affirmatively plead that an award of punitive or exemplary damages and the substantive rules, procedures, and standards for determining whether or not to award them and, if so, in what amount, violate Defendants' rights to due process and equal protection under the law and under the United States Constitution.

121. Plaintiffs' claims are barred in whole or in part by the provisions of 29 U.S.C. § 259 because actions taken in connection with their compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

122. Plaintiffs' allegations are not similarly situated to those of other employees who worked for their employer.

123. Some members of Plaintiffs' putative collective and class action class may have claims that are barred by the applicable statute of limitations.

124. Certification of Plaintiffs' putative collective action class would require a trial where individual issues predominate over common issues; consequently, resulting in a set of mini-trials in one action, and thereby resulting in Defendants being deprived of their due process rights under the United States Constitution.

125. Allowing this case to proceed on a collective or class basis in a manner that limits Defendants the opportunity to present their full defenses in a full and fair manner consistent with Due Process would violate the Seventh Amendment to the United States Constitution either by depriving Defendants of a meaningful trial by jury or by violating the Reexamination Clause.

126. Claims under the FLSA are not subject to pre-judgment interest. In the alternative, pre-judgment interest is not available in addition to liquidated damages.

127. Defendants reserve the right to assert additional affirmative defenses or defenses of which they become knowledgeable during the course of discovery.

WHEREFORE, Defendants request that Plaintiffs take nothing from Defendants by way of Plaintiffs' Complaint, and that a judgment of dismissal be entered in favor of Defendants, with prejudice; that Defendants recover their fees, costs and disbursements incurred in defending this action; and for such other and further relief as the Court may deem just and proper.

/s/ Brian H. Ratcliff
Brian H. Ratcliff (Ark. Bar # 88154)
Molly Shepherd (Ark. Bar # 2013187)
Samuel McLelland
PPGMR LAW, PLLC
200 North Jefferson, Suite 500
El Dorado, AR  71730
(870) 862-5523
brian@ppgmrlaw.com
molly@ppgmrlaw.com
sam@ppgmrlaw.com

## CERTIFICATE OF SERVICE

     I certify that a copy of the foregoing pleading was duly served by the Court's electronic mail system on the 7th day of November 2022, on the following:

Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
laura@sanfordlawfirm.com
josh@sanfordlawfirm.com

                                                /s/ Brian H. Ratcliff
                                                Brian H. Ratcliff